IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| ARNULFO HERNANDEZ, | § | |
|---|---|---|
| *Plaintiff* | § | |
| | § | Civil Action: 2:17-cv-23 |
| v | § | |
| | § | JURY TRIAL DEMANDED |
| POWER PETROLEUM, INC. and | § | |
| MOHAMMAD R. MOTAGHI, | § | |
| *Defendants.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Arnulfo Hernandez, and files this Original Complaint against Power Petroleum, Inc. and Mohammad R. Motaghi, Defendants, and in support thereof would respectfully show the Court the following.

### I. NATURE OF THE SUIT

1. In this action, Plaintiff is alleging violations of The Fair Labor Standards Act [Hereinafter FLSA].

2. Defendant violated the FLSA by failing to pay Plaintiff, a nonexempt employee, at one and one half times his regular rate of pay for hours worked in excess of forty-hours (40) per each seven-day (7) workweek. Defendants also failed to reimburse Plaintiff for traffic tickets related to equipment violations of Defendants' trucks as promised.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by reason of 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b,c) because the acts complaint of primarily occurred within the geographical boundaries of the United States District Court for the Southern District of Texas, Corpus Christi Division. All of the events or

omissions giving rise to this claim occurred in this district.

### III.   PARTIES

5. Plaintiff, Arnulfo Hernandez, [Hereinafter Plaintiff] is a resident of Nueces County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties Plaintiff was engaged in commerce or in the production of goods for commerce. Plaintiff consistently worked in excess of forty-hours (40) per week. However, Plaintiff did not receive overtime pay for hours worked in excess of forty hours (40) at a rate of one and one half times her regular hourly rate as required by the FLSA.

6. Defendant, Power Petroleum, Inc. is a business primarily engaged in the operation of intrastate delivery of fuel in Corpus Christi and South Texas. Defendant is doing business in Nueces County, Texas and may be served with process by serving Defendant's Registered Agent, Mohammad R. Motaghi, 1206 E. HWY. 44 Robstown, Texas 78380 or wherever Defendant may be found.

7. Defendant, Mohammad R. Motaghi is a owner of Power Petroleum, Inc. a business primarily engaged in the operation of intrastate delivery of fuel in Corpus Christi and South Texas. Defendant made decisions related to Plaintiff's work; FLSA classifications; compensation, and overtime. Defendant may be served with process by serving him at 1206 E. HWY. 44 Robstown, Texas 78380 or wherever Defendant may be found.

8. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that either Defendants or their officers, directors, vice principles, agents, servant or employees committed such acts or omission and that at the time such act and or omissions were committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the

Defendant and her officers, directors, vice-principles, agents servants or employees.

## IV.     FACTS

9.     Defendant hired Plaintiff on or about March 16, 2016 as an intrastate truck driver to transport fuel.  Plaintiff was paid on a weekly basis.  Plaintiff worked for Defendants until November 16, 2016.

10.     Plaintiff was paid an amount of $40.00 up to $80.00 per load that he delivered depending on the location the load had to be delivered.  The rate and manner of compensation continued until the end of Plaintiff's employment.

11.     Plaintiff worked from Monday through Friday and would commonly work on Saturday and Sunday.  Plaintiff worked additional hours in excess of forty hours (40) a week during a seven-day workweek.

12.     Plaintiff never received overtime pay for any hours worked in excess of forty hours (40) worked during a seven-day workweek at a rate of one and one half times her regular rate as required by the FLSA. Further, Defendants failed to take out mandatory federal taxes.

13.     Defendant provided the truck[s] that Plaintiff used in his work.  Plaintiff made Defendants aware that the trucks provided to him violated the Texas Transportation Code.  When Plaintiff made Defendants aware of these violations, Defendants promised to reimburse Plaintiff if he received a ticket.  Plaintiff received traffic tickets for the violations. However, after presenting the tickets to Defendants, Defendants refused to pay the tickets as promised and refused to hand the tickets back to Plaintiff in order that he may be able to take care of it himself. Defendants stopped using Plaintiff as a driver thereby terminating his employment.

# V. CAUSE OF ACTION

## FLSA

**Defendant failed to properly compensate Plaintiff at a rate of one and a half times his regular rate of pay for all hours worked in excess of forty-hours in a seven-day workweek in violation of the FLSA**

14. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 13.

15. On information and belief, Plaintiff was a non-exempt employee under the guidelines of the FLSA. Plaintiff was not subject to the Motor Carrier Act.

16. As a non-exempt employee, Plaintiff was legally entitled to be paid at one and one half times his "regular rate" for all hours worked in excess of forty hours during each seven-day workweek. *See* 29 U.S.C. §207(a)

17. Defendants' practice of failing to pay proper compensation for all hours worked in excess of forty-hours (40) per week at one and one half times his respective regular rate for all hours worked in excess of forty-hours (40) was in direct violation of the FLSA.

18. In the event Defendant classified Plaintiff as exempt from overtime or as independent contractor, it is Plaintiff's assertion that he was misclassified. No proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiff's full overtime wages or hours worked in excess of forty hours (40) in an amount that is one and one half times his regular rate of pay.

19. Plaintiff is entitled to payment for all hours worked in excess of forty hours (40) in an amount that is one and one half times his regular rate of pay.

20. Plaintiff is entitled to liquidated damages as allowed by the FLSA as a result of Defendant's intentional failure to comply with the guidelines of the FLSA.

21. In accordance with the FLSA, Plaintiff also seeks recovery of his reasonable and necessary attorney's fees and cost incurred in and during the pursuit of this matter for trial as well as appeal.

22. Plaintiff's consent to bring this action under the FLSA is attached hereto.

**Defendants failed to keep accurate records of time worked.**

23. Plaintiff, incorporates by reference all the allegations contained in paragraphs 1 through 13.

24. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees. See 29 U.S.C. §211(c).

25. In addition to the violations of the FLSA identified *supra*, Defendants also failed to keep proper time records as required by the FLSA.

**Defendants' illegal actions were a willful violation of the FLSA.**

26. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 13.

27. The illegal pattern or practice on the part of Defendant with respect to compensation and his failure to maintain accurate records are a direct violation of the FLSA.

28. There is no excuse on the part of Defendants for failing to pay Plaintiff his proper overtime wage of one and one half the regular rate for all hours worked in excess of forty hours (40).

29. Defendant did not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding payment of overtime compensation to the Plaintiff.

## Breach of Contract/Equitable Estoppel

30.     Defendants promised Plaintiff to pay any traffic tickets that he may receive as a result of Defendants trucks violating the Texas Transportation Code. Plaintiff relied upon this promise to his detriment. Defendant's not only failed to keep their promise to Plaintiff by not paying the tickets, but they also refused to return the tickets to Plaintiff thereby preventing him the opportunity to resolve these tickets on his own accord. As a result, Plaintiff has been damaged. Plaintiff asks that Defendants be required to reimburse him for all traffic tickets he received while working for Defendants as promised by Defendants.

## Jury Trial Requested

31.     Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, Plaintiff respectfully request this Court:

a.  Declare Defendants' violations of the FLSA to be willful;

b.  Award Plaintiff unpaid overtime compensation;

c.  Award Plaintiff an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

d.  Enter an injunction restraining Defendants from destroying records;

e.  Enter an injunction restraining Defendants from altering records;

f.  Award attorneys' fees and costs both for this cause and any and all appeals as may be necessary;

g.  Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

h.  Award Plaintiff the amount of all traffic tickets incurred by him while working for Defendants;

i. Award pre-judgment and post-judgment interest as allowed by law;

j. Award cost of court and cost of prosecuting Plaintiff's claim; and

k. Award such other and further relief to which Plaintiff is and maybe justly entitled.

Respectfully Submitted

By: *s/ Gay E. Gilson*
SBN: 0078413/ Fed. I.D. 16385
LAW OFFICE OF GAY E. GILSON
5525 S. Staples, Suite 3B
Corpus Christi, Texas 78411
Tel: (361) 887-0552
Fax: (210) 887-0554

*Attorney in charge for Plaintiff*

By: *s/Adriaan T. Jansse*
Adriaan T. Jansse, MD, JD
SBN: 24043740/ Fed. I.D. 566674
CAVARETTA, KATONA &
LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Tel: (210) 588-2901
Fax: (210) 588-2908

*Of-Counsel for Plaintiff*